IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| SETH MARKS | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | Civil No. 2:24cv82-HSO-BWR |
| | § | |
| | § | |
| CHANNEL CONTROL | § | |
| MERCHANTS, LLC, et al. | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF SETH MARKS' MOTION [114] FOR LEAVE
TO FILE THIRD AMENDED COMPLAINT AND GRANTING
DEFENDANTS STEVEN J. WISCH'S AND GREG PENDER'S
MOTIONS [30], [35] TO DISMISS SECOND AMENDED COMPLAINT [23]**

Defendants Steven J. Wisch's and Greg Pender's Motions [30], [35] seek dismissal of Plaintiff Seth Marks' claims against them in the Second Amended Complaint [23], specifically claims against Greg Pender for intentional misrepresentation and negligent misrepresentation and against Steven J. Wisch and Greg Pender for tortious interference with contract. Plaintiff Seth Marks has filed a separate Motion [114] for Leave to File Third Amended Complaint. The Court finds that Defendants Steven J. Wisch's and Greg Pender's Motions [30], [35] to Dismiss should be granted, and Plaintiff's Motion [114] for Leave to File Third Amended Complaint should be denied, with leave to reassert as to Defendants other than Steven J. Wisch and Greg Pender.

I.  BACKGROUND
=====

A.   Factual Background

Plaintiff Seth Marks ("Marks" or "Plaintiff") alleges that, on February 17, 2021, Rob Lynch ("Lynch"), the former Chief Executive Officer of Defendant Channel Control Merchants, LLC ("Channel Control"),[1] offered him the position of the company's Chief Merchandising Officer, an offer which Plaintiff accepted. *See* Ex. [23-1] at 1, 5; 2d Am. Compl. [23] at 2.  And he claims that "[i]n August of 2022, Defendant supplemented that portion of the parties' contract that addressed Plaintiff's compensation under the contract with an express agreement which Defendant's chief executive officer ('CEO') entitled the 'Seth Marks Compensation Addendum.'"  2d Am. Compl. [23] at 2; *see* Ex. [23-2].

After Hilco Global[2] acquired a substantial financial interest in Channel Control in "early 2023," Defendant Greg Pender ("Pender") was appointed as Channel Control's new CEO.  2d Am. Compl. [23] at 3.  Shortly thereafter, Pender allegedly "advised Plaintiff that Pender and Channel Control Merchants no longer intended to honor Plaintiff's contractual compensation terms as previously agreed in the Compensation Addendum."  *Id.*  According to Plaintiff, Defendant Steven J. Wisch ("Wisch"), who had a "substantial membership interest" in Channel Control,

---

[1] Channel Control manages and liquidates excess inventory for retailers and manufacturers and has done business under names such as Dirt Cheap, Treasure Hunt, and Dirt Cheap Building Supplies.  *See* Ex. [50-1] at 2.  Its competitors include retail stores such as Bargain Hunt, Ollie's Bargain Outlet, TJ Maxx, and Ross Stores.  *See* Ex. [23-1] at 6.
[2] The original Complaint [1] also named Hilco Global, LLC, as a Defendant and alleged it was a member of Channel Control Merchants, LLC.  *See* Compl. [1] at 2.

2

*id.* at 2, and Hilco Global "instructed and conspired with Defendant Pender to repudiate Plaintiff's Employment Agreement and supplemental Compensation Addendum in an effort to increase Channel Control Merchants' 'bottom line,' all at Plaintiff's significant expense," *id.* at 3.

Plaintiff claims that he gave written notice to Pender that his decision on behalf of Channel Control "to refuse to pay Plaintiff what [Channel Control] owed [him] under the parties' Compensation Addendum, constituted a breach of the parties' Employment Agreement and the Compensation Addendum." *Id.* Rather than cure this breach of contract, "Pender immediately terminated Plaintiff's employment without 'cause,' as that term is defined by the Employment Agreement." *Id.* And Channel Control has allegedly failed to pay Plaintiff the equivalent of six months of his annual base salary, which is purportedly due under the contract. *Id.* at 4.

B. Procedural History

Invoking this Court's diversity jurisdiction, Marks filed a Complaint [1] against Channel Control, Hilco Global, LLC, Pender, and Wisch, *see* Compl. [1], followed by an Amended Complaint [7] against Channel Control, Pender, and Wisch, *see* Am. Compl. [7]. After Channel Control filed a Motion [18] to Dismiss, Marks amended his pleading a second time, which rendered the Motion [18] to Dismiss moot. *See* 2d Am. Compl. [23]. The Second Amended Complaint [23],

3

which is the operative pleading, asserts claims against Channel Control[3] for breach of contract, quantum meruit, promissory estoppel, and unjust enrichment; against both Channel Control and Pender for intentional misrepresentation and negligent misrepresentation; and against Wisch and Pender for tortious interference with contract. *See id.* at 5-8. Plaintiff seeks "compensatory damages, extra-contractual damages, punitive damages, special damages, litigation costs, and attorneys' fees jointly and severally" from Defendants. *Id.* at 8.

Wisch and Pender have filed the present Motions [30], [35] to Dismiss the Second Amended Complaint [23] under Federal Rule of Civil Procedure 12(b)(6). *See* Mot. [30]; Mot. [35]. Wisch argues that the Second Amended Complaint [23] "fails to sufficiently allege the elements of Plaintiff's single claim against [him] (Count VII for tortious interference with contract)." Mem. [31] at 1; *see id.* at 5. He additionally contends that the claim fails as a matter of law due to his membership interest in Channel Control and direct control over many aspects of its operations. *See id.* at 1, 6-7.

Pender argues that "Plaintiff failed to plead his claims for intentional misrepresentation and negligent misrepresentation with particularity as required by Rule 9(b)," as the Second Amended Complaint [23] fails to identify the false representation he allegedly made. Mem. [36] at 1; *see id.* at 4-6. And "[t]he sparse factual allegations about Pender fail to sufficiently plead the elements of any claim

---

[3] Channel Control filed a Suggestion [50] of Bankruptcy on October 17, 2024. *See* Doc. [50]. Under 11 U.S.C. § 362(a), Channel Control's bankruptcy petition automatically stayed the continuation of this proceeding as against it. *See* Text Order, Oct. 17, 2024.

4

against him even under the ordinary pleading standard." *Id.* at 1; *see id.* at 6-7. Pender further maintains that "Plaintiff's claim for tortious interference with contract fails as a matter of law and does not identify any acts of Mr. Pender, individually," and "[c]orporate officers generally are not liable for debts of the company." *Id.* at 2; *see id.* at 7-10.

After the Motions [30], [35] to Dismiss were fully briefed, Marks filed a Motion [114] for Leave to File Third Amended Complaint, *see* Mot. [114],[4] seeking to add as new Defendants Hilco Holdings, LLC, Hilco, Inc., Jeffrey B. Hecktman, John Chen, Benjamin Nortman, Evan Behrens, and Bill Cornog, *see* Mot. [114] at 1; Ex. [114-1] at 1-3. Plaintiff also seeks to add a Count Eight against all Defendants, for breach of the implied covenant of good faith and fair dealing. *See* Ex. [114-1] at 9-10.

Wisch and Pender oppose Marks' Motion [114], arguing that "[d]espite already amending his Complaint twice, Plaintiff's proposed Third Amended Complaint fails to state a claim against [Wisch or Pender] upon which relief can be granted." Mem. [118] at 1. Specifically, "Plaintiff has added no new material allegations to support the misrepresentation claims against Pender or the tortious interference claim" against Wisch and Pender, and "the 'new' breach of implied covenant of good faith and fair dealing claim against [Wisch and Pender] fails as a

---

[4] This is actually Marks' second Motion [114] for Leave to File Third Amended Complaint. The Court denied without prejudice the first Motion [99], which also was filed after the dispositive Motions [30], [35] were briefed, because Marks did not adequately plead the proposed new Defendants' citizenship for diversity purposes. *See* Order [113] at 6.

matter of law." *Id.* at 1-2.  Wisch and Pender therefore argue that Marks' Motion [114] should be denied on grounds of futility.  *See id.* at 2, 5-12.

## II. DISCUSSION

A.   Relevant Legal Standards

To withstand a Rule 12(b)(6) motion to dismiss, a pleading "must contain sufficient factual matter, if accepted as true, to state a claim to relief that is plausible on its face."  *Lindsay v. United States*, 4 F.4th 292, 294 (5th Cir. 2021) (quotation omitted).  A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the [counter-]defendant is liable for the misconduct alleged."  *Id.* (quotation omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

A court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff.  *See PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023).  But a court need not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (quotation omitted).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).

"[C]ircumstances constituting fraud" must be pled "with particularity." Fed. R. Civ. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Crosswell v. Martinez*, 120 F.4th 177, 184 (5th Cir. 2024) (quotation omitted); Fed. R. Civ. P. 9(f) ("An allegation of time or place is material when testing the sufficiency of a pleading."). "Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out." *First v. Rolling Plains Implement Co., Inc.*, 108 F.4th 262, 271 (5th Cir. 2024) (quotations omitted). "Allegations about conditions of the mind, such as defendant's knowledge of the truth and intent to deceive, however, may be pleaded generally." *Crosswell*, 120 F.4th at 184 (quotation omitted); *see also* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

"Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotation omitted). But leave to amend is not automatic. *Id.* A court may consider the following factors in deciding whether to permit amendment: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also, e.g., Williams v.*

7

*Integon Nat'l Ins. Co.*, 132 F.4th 801, 805 (5th Cir. 2025) (delineating same factors for courts to consider).

Futility in this context means "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). A court considering whether a requested amendment is futile applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (quotation omitted). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the [proposed amended] complaint states any valid claim for relief." *Id.* (quotation omitted).

B.    Wisch's and Pender's Motions [30], [35] to Dismiss

1.    Plaintiff's Intentional Misrepresentation Claim Against Pender (Count Four)

To support an intentional misrepresentation claim, Plaintiff must establish by clear and convincing evidence:

> (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated, (6) the hearer's ignorance of its falsity, (7) his reliance on its truth, (8) his right to rely thereon, and (9) his consequent and proximate injury.

*Kinney v. Cath. Diocese of Biloxi, Inc.*, 142 So. 3d 407, 418 (Miss. 2014) (quotation and emphasis omitted). But "a promise of future conduct does not meet the requirement of a representation unless the promise was made with the present intent not to perform." *Gulf Coast Hospice LLC v. LHC Grp. Inc.*, 273 So. 3d 721,

742 (Miss. 2019) (quotations omitted).  In pleading intentional misrepresentation, Rule 9(b) requires that a plaintiff plead with particularity.  *See* Fed. R. Civ. P. 9(b); *David B. Turner Builders LLC v. Weyerhaeuser Co.*, 603 F. Supp. 3d 459, 467 (S.D. Miss. 2022) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177-78 (5th Cir. 1997); *Poppelreiter v. GMAC Mortg., LLC*, No. 1:11CV008-A-S, 2011 WL 2690165, at *5 (N.D. Miss. July 11, 2011)).  A complaint must plead "the who, what, when, where, and how." *First*, 108 F.4th at 271.

According to the Second Amended Complaint [23], after Pender was named Channel Control's new CEO, he

> made material misrepresentations on behalf of Defendant Channel Control Merchants to Plaintiff about the terms and conditions of Plaintiff's employment with Defendant Channel Control Merchants upon which Plaintiff relied to Plaintiff's detriment.

2d Am. Compl. [23] at 6.  Channel Control knew that its "representations were false and that Plaintiff would rely upon such intentionally false representations," and Pender's and Channel Control's intentional misrepresentations allegedly caused Plaintiff damage.  *Id.*

Plaintiff does not plead any of the particulars required by Rule 9(b), and he does not identify the specific misrepresentations Pender made.  *See id.*  The Second Amended Complaint [23] lacks the "particulars of time, place, and contents of the false representations." *Crosswell*, 120 F.4th at 184.  The contract upon which Plaintiff sues was entered into in February 2021, *see* Ex. [23-1], and the compensation addendum was dated August 7, 2022, *see* Ex. [23-2].  But Pender was

9

not appointed CEO until 2023, *see* 2d Am. Compl. [23] at 4, meaning any alleged misrepresentation by Pender could not have arisen out of Plaintiff's entry into those agreements. It is thus unclear what intentional misrepresentation Plaintiff charges Pender with making. And if it concerned a promise of future conduct, Plaintiff has not alleged that the promise was made with Pender's present intent not to perform. *See Gulf Coast Hospice LLC*, 273 So. 3d at 742. Nor does the Second Amended Complaint [23] adequately plead factual context to support the other elements of this claim, including Plaintiff's ignorance of the representation's falsity or his right to rely on the representation. *See Kinney*, 142 So. 3d at 418.

In sum, the Second Amended Complaint [23] fails to state a plausible intentional misrepresentation claim against Pender, and his Motion [35] to Dismiss should be granted as to this claim.

2.  <u>Plaintiff's Negligent Misrepresentation Claim Against Pender (Count Five)</u>

Negligent misrepresentation requires Plaintiff to plead the following elements:

> (1) a misrepresentation or omission of a fact; (2) that the representation or omission is material or significant; (3) that the person/entity charged with the negligence failed to exercise that degree of diligence and expertise the public is entitled to expect of such persons/entities; (4) that the plaintiff reasonably relied upon the misrepresentation or omission; and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance.

*Gulf Coast Hospice LLC*, 273 So. 3d at 743 (quotation omitted). "Again, the first element of negligent misrepresentation, misrepresentation of a fact, must concern a past or present fact as contrasted with a promise of future conduct." *Id.* (quotation

omitted). And the Fifth Circuit "has applied the heightened pleading requirements when the parties have not urged a separate focus on the negligent misrepresentation claims such as when fraud and negligent misrepresentation claims are based on the same set of alleged facts." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 n.3 (5th Cir. 2010) (quotation omitted).

The Second Amended Complaint [23] alleges that Pender and Channel Control "made material misrepresentations to Plaintiff about the terms and conditions of Plaintiff's employment with [Channel Control] without exercising the reasonable degree of care required in making such representation upon which Plaintiff relied to Plaintiff's detriment." 2d Am Compl. [23] at 7. Plaintiff contends that "Channel Control Merchants' negligent misrepresentations have caused Plaintiff damage for which Plaintiff sues." *Id.* Again, no factual detail is offered regarding what Pender's misrepresentations were, why they were material, or how Plaintiff's reliance on them was reasonable. Nor has Plaintiff stated what past or present fact was untrue at the time Pender made these purported statements. The Second Amended Complaint [23] merely offers labels and conclusions and a formulaic recitation of the elements of this claim, and it cannot survive as against Pender under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678.

To the extent Plaintiff's intentional and negligent representation claims are based on the same set of alleged facts, the latter must also comply with the pleading requirements of Rule 9(b). *See Lone Star Fund V (U.S.), L.P.*, 594 F.3d at 387 n.3. But it does not. Count Five again neglects to include any "particulars of time, place,

11

and contents of the false representations." *Crosswell*, 120 F.4th at 184.  It is thus unclear what misrepresentations Pender allegedly made, or when or where he made them.  And if this claim concerns a promise of future conduct, the Second Amended Complaint [23] also fails to allege that the promise was made with Pender's present intent not to perform.  *See Gulf Coast Hospice LLC*, 273 So. 3d at 743.  For all of these reasons, dismissal of Plaintiff's negligent misrepresentation claim as against Pender is appropriate.

3.  <u>Plaintiff's Tortious Interference with Contract Claim Against Wisch and Pender (Count Seven)</u>

The elements of a tortious interference with contract claim are:

> (1) that the acts were intentional and willful; (2) that they were calculated to cause damage to [Plaintiff] in [his] lawful business; (3) that they were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) that actual damage and loss resulted.

*Gulf Coast Hospice LLC*, 273 So. 3d at 745 (quotations omitted); *see also Coleman & Coleman Enters., Inc. v. Waller Funeral Home*, 106 So. 3d 309, 316 (Miss. 2012) (same).  "In addition, the plaintiff must prove that the contract would have been performed but for the alleged interference," *Coleman & Coleman Enters., Inc.*, 106 So. 3d at 316, and the "wrongdoer" must be a stranger to the contract; in other words, a party to a contract cannot tortiously interfere with it, *Gulf Coast Hospice LLC*, 273 So. 3d at 745 (quotation omitted).  Likewise, "one occupying a position of responsibility on behalf of another is privileged, within the scope of that responsibility and absent bad faith, to interfere with his principal's contractual

relationship with a third person." *Shaw v. Burchfield*, 481 So. 2d 247, 255 (Miss. 1985).

Count Seven asserts that "Defendant Wisch encouraged – more likely demanded – that Defendant Pender, on behalf of Defendant Channel Control Merchants, breach Defendant Channel Control Merchants' contractual agreements with Plaintiff, which Pender agreed to do and did." 2d Am Compl. [23] at 8. First, there are no factual allegations that either Wisch or Pender was acting outside the course and scope of their employment with Channel Control or that they acted in bad faith in interfering with their principal's contractual relationship with Plaintiff, meaning they would be privileged. *See Shaw*, 481 So. 2d at 255. Indeed, Plaintiff specifically pleads that Pender acted on behalf of Channel Control. *See* 2d Am Compl. [23] at 8.

Even if Wisch and Pender were considered strangers to the contract, the Second Amended Complaint [23] does not allege how either Wisch's or Pender's acts were calculated to cause damage to Plaintiff in his lawful business, or that they were done with malice, meaning with the unlawful purpose of causing damage and loss. *See Coleman & Coleman Enters., Inc.*, 106 So. 3d at 316. Nor has Plaintiff pled facts from which a plausible inference could be drawn that the contract would have been performed had Wisch and Pender not interfered. Count Seven should be dismissed for failure to state a claim against Wisch and Pender. *See id.*; Fed. R. Civ. P. 12(b)(6).

C.     Plaintiff's Motion [114] to Amend

The proposed Third Amended Complaint [114-1] does not add any additional factual allegations as to Wisch and Pender to support the same three claims it proposes to pursue against them. It adds nothing to Plaintiff's intentional and negligent misrepresentation claims as to Pender, *compare* Ex. [114-1] at 7-8, *with* 2d Am. Compl. [23] at 6-7, and would still not state a claim for relief against Pender, making it futile in that respect, *see Stripling*, 234 F.3d at 873.

For the tortious interference with contract claim in Count Seven, the proposed Third Amended Complaint [114-1] does add that Wisch's and Pender's acts "were calculated to cause damage to Marks and were done in bad faith with the unlawful purpose of causing damage and loss without justifiable cause," Ex. [114-1] at 9, but these constitute conclusory assertions and a formulaic recitation of the elements of the claim, and they do not cure the other deficiencies in the Second Amended Complaint [23]. This is insufficient to state a claim as to Wisch and Pender, *see Iqbal*, 556 U.S. at 678; *Heinze*, 971 F.3d at 479, and the proposed new Count Seven is also futile as to them, *see Foman*, 371 U.S. at 182; *Stripling*, 234 F.3d at 873.

Finally, Plaintiff seeks to add a claim against Wisch, Pender, and six new individual Defendants for breach of the implied covenant of good faith and fair dealing. *See* Ex. [114-1] at 9-10. Under Mississippi law, "[a]ll contracts contain an implied covenant of good faith and fair dealing in performance and enforcement." *Gen. Motors Acceptance Corp. v. Baymon*, 732 So. 2d 262, 269 (Miss. 1999)

14

(quotation omitted). "The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness." *Id.* (quotation omitted). But "it is axiomatic that the duty of good faith arises only when there is a contractual relationship between parties." *Breland v. Trustmark Corp.*, 333 So. 3d 91, 99 (Miss. Ct. App. 2022) (citing Am. *Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1207 (Miss. 2001)).

The proposed Third Amended Complaint [114-1] does not plead any facts supporting a plausible inference that either Wisch or Pender entered into a contract with Plaintiff. *See* Ex. [114-1]. Having failed to allege the existence of a contract with Wisch and Pender, no implied covenant of good faith and fair dealing could arise between them and Plaintiff. *See Breland*, 333 So. 3d at 99. Thus, the proposed Third Amended Complaint [114-1] does not state a claim for breach of the implied covenant of good faith and fair dealing by either Wisch or Pender, *see id.*, and it is futile as to them for this reason as well, *see Stripling*, 234 F.3d at 873.

In addition to futility, Plaintiff has had three opportunities to state a claim against Wisch and Pender, including two amendments previously allowed. *See* Compl. [1]; Am. Compl. [7]; 2d Am. Compl. [23]. Each prior version of the Complaint contained the same deficiencies as those discussed here. *See* Compl. [1]; Am. Compl. [7]. And even though their Motions [30], [35] to Dismiss have been fully briefed since October 18 and 24, 2024, respectively, Plaintiff did not seek leave to amend a third time until the March 14, 2025, deadline for amending pleadings and joining parties, which was nearly five months later. *See* Reply [51]; Reply [51];

15

Mot. [99]; Feb. 10, 2025, Text Order (granting Joint Motion [82] and extending deadline to amend pleadings). But that Motion [99] was denied without prejudice with leave to reassert on or before May 7, 2025, because Plaintiff had not shown that the addition of the new Defendants would not destroy diversity jurisdiction. *See* Order [113]. Then, on May 7, Plaintiff filed the current Motion [114] for Leave to File Third Amended Complaint, which the Court has determined would be futile as to Wisch and Pender. In short, Plaintiff has repeatedly failed to cure the pleading deficiencies against Wisch and Pender by amendments previously allowed. For this reason and due to the futility of the proposed amendment as to Wisch and Pender, Plaintiff's Motion [114] for Leave to File Third Amended Complaint should be denied as to them. *See Foman*, 371 U.S. at 182; *Williams*, 132 F.4th at 805; *Stripling*, 234 F.3d at 873.

### III. CONCLUSION

To the extent the Court has not specifically addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Seth Marks' Motion [114] for Leave to File Third Amended Complaint is **DENIED** as to Defendants Steven J. Wisch and Greg Pender, with leave to reassert as to other Defendants on or before **June 30, 2025**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant Steven J. Wisch's Motion [30] to Dismiss Second Amended Complaint and Defendant Greg

Pender's Motion [35] to Dismiss Second Amended Complaint are both **GRANTED**, and Plaintiff Seth Marks' claims against Defendants Steven J. Wisch and Greg Pender are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 18th day of June, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE